FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYLVESTER MULDROW, JR.,<br><br>      Plaintiff,<br><br> v.<br><br>CITY OF RICHLAND,<br><br>      Defendant. | NO: 4:24-CV-5012-RMP<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

  Plaintiff Sylvester Muldrow, Jr., filed a *pro se* civil rights complaint on January 19, 2024. ECF No. 1. The complaint was unsigned, and Plaintiff did not pay the $405.00 filing fee ($350.00 statutory filing fee, plus $55.00 administrative fee) to commence this action, or properly seek leave to proceed *in forma pauperis* under the Prison Litigation Reform Act, 28 U.S.C. § 1915. Specifically, Plaintiff did not provide a completed Declaration and Application to Proceed *In Forma Pauperis* or comply with 28 U.S.C. § 1915(a)(2), which requires a prisoner seeking to bring a civil action without prepayment of the filing fee to submit a certified copy of his or her trust fund account (or institutional equivalent) for the six months immediately

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2)  -- 1

preceding the filing of the complaint, "obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.*

By notice and letter mailed on January 22, 2024, the District Court Clerk advised Plaintiff of these deficiencies, and provided him with a Declaration and Application to Proceed *In Forma Pauperis*. ECF Nos. 2, 2-1, and 3. These documents, addressed to Plaintiff at the Benton County Jail, were returned as undeliverable on March 29, 2024, with notations of "Return to Sender," "Inmate Not in Jail," and "Unable to Forward." ECF No. 4.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action. LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants) Plaintiff's mail has been returned, and the Court has not been apprised of a current address.

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2)  -- 2

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** without prejudice pursuant to LCivR 41(b)(2).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.**  The District Court Clerk is directed to enter this Order, enter judgment, forward copies to Plaintiff at the address provided, and **CLOSE** the file.

**DATED** May 7, 2024.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge